**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

   v.

MICHAEL PAUL PALUMBO,

              Defendant - Appellant.

</td><td>

No. 10-10351

DC No. 2:09-cr-00207-RLH-PAL

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted July 19, 2011
San Francisco, California

Before:    TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
          District Judge.[**]

Defendant Michael Paul Palumbo ("Palumbo") appeals his jury conviction

for being a felon in possession of a firearm, in violation of 19 U.S.C. §§ 922(g) and

924(a); possessing with intent to distribute a controlled substance, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); and possession of a firearm in relation to or in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Palumbo contends that (1) the district court erred in denying the motion to suppress evidence resulting from his arrest because the officers did not have probable cause to arrest him, and (2) the district court committed plain error in finding that the search of Palumbo's vehicle was a legitimate inventory search pursuant to an arrest. For the reasons stated herein, we affirm.

Turning first to the denial of the motion to suppress, we review a district court's denial of a motion to suppress evidence de novo, but review its underlying factual findings for clear error. United States v. Summers, 268 F.3d 683, 686 (9th Cir. 2001). Palumbo contends that the district court erred in denying the motion to suppress evidence obtained in connection with his arrest because the officers did not have probable cause to arrest him. Without reaching whether the officers had probable cause to arrest Palumbo before seeing his handgun, we conclude that the officers had reasonable suspicion to justify a investigatory stop pursuant to Terry v. Ohio, 392 U.S. 1, 8-10 (1968), and that the officers' initial approach of Palumbo constituted a Terry stop, rather than an arrest. After agreeing to meet an undercover officer who had expressed interest in purchasing a "teener" -- street slang for 1/16 ounce of methamphetamine -- officers observed Palumbo circling

2

the parking lot of the agreed-upon meeting place and one officer observed Palumbo engaging in hand-to-hand transactions that he suspected were narcotics transactions. Given these circumstances, we conclude that the officers had reasonable suspicion to believe Palumbo was engaged in the distribution of illegal narcotics.

With respect to whether the initial stop was an investigatory stop or an arrest, "[t]here is no bright-line rule to determine when an investigatory stop becomes an arrest" and "in determining whether stops have turned into arrests, courts consider the totality of the circumstances." Washington v. Lambert, 98 F.3d 1181, 1185 (9th Cir. 1996) (citations and internal quotations omitted). "The standard for determining whether a person is under arrest is not simply whether a person believes that he is free to leave." United States v. Bravo, 295 F.3d 1002, 1009 (9th Cir. 2002) (citation omitted). "[I]ntrusive measures may convert a stop into an arrest if the measures would cause a reasonable person to feel that he or she will not be free to leave after brief questioning—i.e., that indefinite custodial detention is inevitable." United States v. Guzman-Padilla, 573 F.3d 865, 884 (9th Cir. 2009) (citation omitted). Here, while more than one police officer approached Palumbo and ordered him to step out of his vehicle, these measures would not cause a reasonable person to believe that "indefinite custodial detention was

3

inevitable." Since Officer Bourque did not draw his handgun until after seeing a gun in Palumbo's pocket, we conclude that Palumbo was not put under arrest until after the officers saw a handgun in Palumbo's pocket. Once the officers observed Palumbo's gun, they clearly had probable cause to arrest him. We thus conclude that the evidence derived from Palumbo's arrest was properly admitted at trial.

Turning to the argument that the district court committed plain error in concluding that the search of Palumbo's vehicle was a legitimate inventory search, we conclude that Palumbo waived his right to challenge the inventory search and is thus not entitled to have this issue reviewed at all, not even for plain error. See United States v. Wright, 215 F.3d 1020, 1026 (9th Cir. 2000) ("By failing to comply with Rule 12, [the defendant] waived any dispute ... and placed the issue beyond this court's ability to review for plain error."). In any case, we conclude that the district court did not commit plain error because there is nothing to suggest that the impoundment of Palumbo's rental vehicle was improper or contrary to police policy.

We have considered the appellant's additional arguments and find them to be without merit.

**AFFIRMED**.